# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRYON K. ALTENBACH,** | : | |
| **Individually and on behalf of** | : | |
| **all others similarly situated,** | : | **Civil Action No. 1:08-CV-2178** |
| | : | |
| **Plaintiffs** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **THE LUBE CENTER, INC.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

Before the Court is Plaintiff's unopposed motion for conditional class certification (Doc. No. 26) and motion to compel disclosure of names and contact information for all potential opt-in employees (Doc. No. 29.) The motions are ripe for disposition. For the following reasons, the motions will be granted.

## I. BACKGROUND

Plaintiff, Bryon K. Altenbach, claims that the Defendant, the Lube Center Inc., violated the Fair Labor Standard Act ("FLSA"), 29 U.S.C. 201, *et seq*., by failing to pay overtime compensation for hours worked over 40 hours per week. (Doc. No. 1 ¶ 2.) The Plaintiff brings this action "on behalf of all technicians and assistant managers who are or were employed by the Defendant The Lube Center locations throughout Maryland and Pennsylvania, to recover unpaid overtime compensation." (Id.)

## II. CONDITIONAL CERTIFICATION

Plaintiff has filed a motion for conditional class certification that is unopposed. (Doc. No. 26.) The FLSA authorizes a plaintiff alleging a violation of the Act to file suit for and on

behalf of himself and other employees similarly situated.  29 U.S.C. § 216(b).  Plaintiff seeks

conditional certification of the following class:

> All persons who from December 3, 2005: (I) are/were current or former "Assistant Managers" or "Technicians" employed by The Lube Center; (ii) are/were not paid overtime compensation at a rate not less than one and one-half (1.5) times the rate at which they are employed for work performed beyond forty (40) hours in a work week; and (iii) choose to opt-in to this action.

(Doc. 26 at 1.)

Under the FLSA, potential plaintiffs must be "similarly situated" and give written consent

to be included in the collective action. 29 U.S.C. § 216(b).  In order to serve the objectives of the

collective action, district courts have allowed the conditional certification of a class of putative

plaintiffs before significant discovery takes place because the statute of limitations continues to

run on unnamed class members' claims until they opt into the collective action.  Conditional

certification places a relatively light burden on the plaintiff, as it occurs early in the proceeding

when there is minimal evidence on the record, and it is granted as long as the plaintiff shows a

colorable basis for their claim that the potential plaintiffs are similarly situated.  Felix De

Ascencio v. Tyson Foods, Inc., 130 F. Supp. 2d. 660, 663 (E.D. Pa. 2001); see also Houston v.

URS Corp., 591 F.Supp.2d 827, 831 (E.D. Va. 2008).  Accordingly, courts have only required

Plaintiffs in the early stages of a FLSA action to provide "substantial allegations that the putative

class members were together the victims of a single decision, policy, or plan" or a modest factual

showing that the similarly-situated requirement is satisfied.  Ascencio, 130 F. Supp. 2d. at 662-

63.

In support of conditional certification, the Plaintiff has submitted affidavits from himself

and David Montooth.  In Plaintiff's affidavit, he states that he was a technician and an assistant manager for the Defendant between November 2007 and April 2008.  (Doc. No. 24-4 ¶ 2.) Plaintiff also asserts that his duties and responsibilities were the same as other technicians and assistant managers at Defendant's other locations, Defendant deprived him of the correct amount of overtime wages, and he has personal knowledge that other technicians and assistant managers had experienced the same deprivation of wages by the Defendant.  (Id. ¶¶ 4-10.)  David Montooth, a technician for the Defendant from November 2007 through March 2008, also states that the Defendant failed to properly pay his overtime hours and that he is aware of other technicians who had the same experience.  (Doc. 24-5.)  In sum, both men claim that they were never accurately paid one-and-one-half times their regular hourly rate per hour for overtime hours and that they have personal knowledge that other employees of the defendant holding the same positions had experienced the same deprivation of wages.  Considering the above and the allegations in the complaint, the Court finds that Plaintiff has made a sufficient showing to justify the unopposed conditional certification of his proposed class. Therefore, the Plaintiff's unopposed motion for conditional certification will be granted.

## III.    MOTION TO COMPEL

The Plaintiff has also filed a motion to compel disclosure of the names and contact information of all potential opt-in employees.  (Doc. No. 29.)  Plaintiff requests this information so Plaintiff can provide all potential class members with notice of suit.  (Id. at 1.)  Defendant contests this motion, arguing that giving Plaintiff a list of potential plaintiffs and allowing the Plaintiff to mail the notice creates potential for a violation of Pennsylvania Rule of Professional Conduct 7.3, which proscribes the in-person solicitation of potential clients.  (Doc. No. 30 at 4.)

To combat this potential for abuse, Defendant suggests that it or a neutral third-party send out the eventual Court-approved notice. (Id.) Plaintiff, for its part, suggests that abuse could also result from Defendant's sole control over the information, given the possibility of an ongoing employer/employee relationship with the potential plaintiffs.

Both parties agree that the Court has discretion and broad authority over the notice process and responsibility to oversee the joinder of additional parties in this action "to assure that the task is accomplished in an effective and proper way." Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 170-171 (1989). In Hoffman-LaRoche, the Supreme Court held that in class actions a district court has a substantial interest in communications that are mailed to potential plaintiffs because "the potential for misuse of the class device, as by misleading communications, may be countered by court-authorized notice." Id. Accordingly, once a class is conditionally certified under the FLSA, "[t]he district court may facilitate [notice] by allowing discovery of the names and addresses of potential plaintiffs, by authorizing a notice for plaintiff's counsel to send to the potential plaintiffs, or by some other appropriate action." De Asencio, 130 F. Supp. 2d. at 662-63.

It is clear that plaintiffs are often responsible for mailing out notice to potential plaintiffs after conditional certification. The Court will closely monitor the notice process to limit the potential for abuse and expects that both parties will avoid improper communications with potential plaintiffs. The Court will also review the parties proposed notice and opt-in consent forms before they are sent to the potential plaintiffs. Accordingly, Defendant has not persuaded the Court that, under the circumstances of this case, an unusual potential for abuse exists from Plaintiff possessing the names and contact information of potential class members or from

allowing Plaintiff to mail the eventual Court-approved opt-in notice.  As such, Defendant will be directed to turn over the list  names and contact information of all potential opt-in employees

**IV.     CONCLUSION**

For the foregoing reasons, the Plaintiff's motions for conditional class certification (Doc. No. 26) and to compel disclosure of names and contact information for all potential opt-in employees (Doc. No. 29) will be granted.  An order consistent with this memorandum will follow.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRYON K. ALTENBACH,         :
Individually and on behalf of    :
all others similarly situated,      :        Civil Action No. 1:08-CV-2178
                              :
       Plaintiffs         :
                              :        (Chief Judge Kane)
v.                         :
                              :
THE LUBE CENTER, INC.,      :
                              :
       Defendants       :

## ORDER

     **AND NOW**, this 13th day of November, 2009, upon consideration of Plaintiff's motion for conditional class certification (Doc. No. 26) and to compel disclosure of names and contact information for all potential opt-in employees (Doc. No. 29), and for the reasons set forth in the Court's memorandum opinion filed herewith, **IT IS HEREBY ORDERED THAT** the motions are **GRANTED** as follows:

1.     Pursuant to the 29 U.S.C. 216(b), this case is conditionally certified as a collective action on behalf of the following class: All persons who from December 3, 2005: (I) are/were current or former "Assistant Managers" or "Technicians" employed by The Lube Center; (ii) are/were not paid overtime compensation at a rate not less than one and one-half (1.5) times the rate at which they are employed for work performed beyond forty (40) hours in a work week; and (iii) choose to opt-in to this action.

2.     Defendant is directed to provide Plaintiff with the names and contact information of all potential opt-in employees in its possession within ten (10) days of the date of this order.

                                      s/ Yvette Kane
                                    Yvette Kane, Chief Judge
                                    United States District Court
                                    Middle District of Pennsylvania