IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BYRON K. ALTENBACH, individually and on behalf of all others similarly situated, Plaintiff | : : : : |
| v. | : Civil Action No. 1:08-cv-02178 : : (Chief Judge Kane) : |
| THE LUBE CENTER, INC., Defendant | : : : |

## MEMORANDUM

Plaintiff Byron K. Altenbach, on behalf of himself and others similarly situated, filed the above-captioned action against Defendant The Lube Center, Inc., alleging that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Stat. § 260, et seq.; and the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 Pa. Stat. § 260, et seq. Now before the Court is a joint motion for an order granting approval of the parties' settlement agreement and dismissing this action with prejudice pursuant to 29 U.S.C. § 216(b). (Doc. No. 121.) For the reasons stated more fully herein, the Court will grant the motion with the exception of approving the confidentiality provision contained in Section 5 of the agreement.

I. BACKGROUND

Thirty-seven plaintiffs, all current or former assistant managers or technicians, brought this FLSA collective action against Defendant. On March 17, 2009, the Court dismissed Plaintiffs' claims under the PMWA and the PWPCL and, on November 13, 2009, certified the FLSA claim. (Doc. Nos. 19, 34.) Plaintiffs thereafter filed an amended complaint, alleging additional violations of the FLSA. (Doc. No. 94.) After litigating this action for approximately

1

four years and engaging in extensive negotiations, including a full day of mediation with Magistrate Judge Arbuckle, the parties negotiated the settlement agreement now before the Court. (Doc. No. 121-1.) The settlement consists of: back wages and liquidated damages to the thirty-seven plaintiffs, totaling $93,000; a $4,000 payment to the named Plaintiff; and a payment to Plaintiffs' counsel for fees and costs associated with this action in the amount of $97,000. (Id.) Under the terms of the settlement agreement, each Plaintiff will receive an individual amount in satisfaction of his specific overtime and off-the-clock claims. (Doc. No. 122 at 6.) The payment of $4,000 to the named Plaintiff is "[i]n recognition of his service as named-Plaintiff (including filing this action, producing documents, and participating in a deposition and other discovery)." (Id. at 7.) The named Plaintiff is also entitled to back wages and liquidated damages. (Doc. No. 121-1 at 4.) Finally, the settlement agreement provides that the award of counsel fees and costs is "subject to Court approval," but the agreement "is not contingent upon the Court's approval." (Doc. No. 121-1 at 9.)

## II. STANDARD OF REVIEW

Claims arising under the FLSA may be settled where either the Secretary of Labor supervises an employer's payment of unpaid wages to employees or a district court enters a stipulated judgment after scrutinizing a proposed settlement for fairness. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352 (11th Cir. 1982); see also Cuttic v. Crozer-Chester Med. Ctr., No. 09-cv-1461, 2012 WL 2354450, at *2 (E.D. Pa. June 20, 2012). In the latter situation, a district court may enter a stipulated judgment after determining that the proposed settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, 679 F.2d at 1354. In the absence of direct guidance from the

2

United States Court of Appeals for the Third Circuit regarding the applicable standard for assessing settlement agreements under the FLSA, district courts in this circuit have referred to the considerations set forth in Lynn's Food Stores. See, e.g., Brumley v. Carmin Cargo Control, Inc., No. 08-cv-1798, 2012 WL 1019337, at *2 (E.D. Pa. Mar. 26, 2012) (collecting cases). Under Lynn's Food Stores, a proposed settlement agreement resolves a bona fide dispute where it "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute" and is not a "mere waiver of statutory rights brought about by an employer's overreaching." 679 F.2d at 1354; see also Brumley, 2012 WL 1019337, at *2. In scrutinizing the agreement for reasonableness and fairness, courts generally proceed in two steps, first considering whether the agreement is fair and reasonable to the plaintiff-employees and, if found to be fair and reasonable, then considering whether it furthers or "impermissibly frustrates" the implementation of the FLSA in the workplace. Brumley, 2012 WL 1019337, at *4; Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

## III. DISCUSSION

The parties contend that their proposed settlement agreement is fair and reasonable because: it resolves bona fide disputes over legal and factual issues, including the applicability of a two-year statute of limitations and the retail sales exemption; further litigation would increase the duration and cost of this action; the agreed-to payments are reasonable and appropriate; and due process concerns are not implicated due to the opt-in nature of the settlement. (Doc. No. 122 at 8-12.) The Third Circuit has not addressed the factors that district courts should consider in assessing the fairness and reasonableness of an agreement settling a FLSA collective action, but district courts in this circuit have applied the factors set forth in Girsh v. Jepson, 521 F.3d 157

3

(3d Cir. 1975), for approving class action settlements under Rule 23 of the Federal Rules of Civil Procedure. See, e.g., Brumley, 2012 WL 1019337, at *4-*5 (collecting cases). The nine Girsh factors are:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) stage of the proceedings and the amount of discovery completed; (4) risks of establishing liability; (5) risk of establishing damages; (6) risk of maintaining the class action through the trial; (7) ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

521 F.2d at 157-58 (citation omitted).

Applying the Girsh factors to the parties' proposed settlement agreement, the Court finds that the agreement is fair and reasonable. The agreement reasonably compromises disputed issues by compensating Plaintiffs for their overtime and off-the-clock claims and, by agreeing to a settlement at this time, the parties will avoid the costs of a potentially lengthy and complex trial. Moreover, a settlement agreement appears to be a prudent course of action because Plaintiffs would likely face considerable risks in establishing damages at trial in light of the potential applicability of a two-year statute of limitations and the retail sales exemption as well as the technical nature of calculating appropriate damages. Finally, counsel for the parties have thoroughly litigated this action, having conducted extensive discovery and fully briefed a dispositive motion, demonstrating an appreciation of the merits and risks of proceeding to trial before negotiating the settlement agreement.

Having found the agreement to be fair and reasonable to Plaintiffs, the Court must now determine whether the agreement furthers or frustrates the implementation of the FLSA in the

workplace. Upon review of the agreement, the Court finds that the "Non-Publicization" provision impermissibly frustrates the implementation of the FLSA and, thus, cannot approve it.

> [A] confidentiality provision [in a FLSA settlement agreement] furthers resolution of no bona fide dispute between the parties; rather, compelled silence unreasonably frustrates implementation of the 'private-public' rights granted by the FLSA and thwarts Congress's intent to ensure widespread compliance with the statute. To further Congress's intent, the Department of Labor requires the employer of an employee covered by the FLSA to display conspicuously in the workplace a detailed notice of the employee's FLSA rights. By including a confidentiality provision, the employer thwarts the informational objective of the notice requirement by silencing the employee who has vindicated a disputed FLSA right.

Dees, 706 F. Supp. 2d at 1242 (footnotes omitted); see also Brumley, 2012 WL 1019337, at *2; Cuttic, 868 F. Supp. 2d at 467. Additionally, the FLSA prohibits employers from retaliating against employees for asserting their rights under Section 15(a)(3) of the FLSA. Dees, 706 F. Supp. 2d at 1242.

Here, Section 5 of the parties' proposed agreement, titled "Non-Publicization of the Settlement Agreement," provides:

> Named Plaintiff, the Opt-In Plaintiffs, and Class Counsel agree that the terms of the Settlement Agreement shall be confidential. Named Plaintiff and class counsel shall not disclose any specific information concerning the Settlement with the Defendant, such as the settlement amount, to any person or agency, except to this Court or where such disclosure is required by law or is necessary to comply with the terms of this Settlement Agreement. This confidentiality provision is a material term of the settlement, and, in the event of a breach, Defendant shall be entitled to seek all available damages against the breaching, including, among other potential damages, the recovery of all settlement proceeds from the breaching party.

(Doc. No. 121-1 at 10.) In other words, if any Plaintiff discloses any information regarding this settlement to a third party, Defendant is authorized to recover damages from that Plaintiff,

including the entirety of his settlement proceeds. Such a provision contravenes the FLSA in that it permits Defendant to retaliate against a Plaintiff and promotes the silencing of an employee who has vindicated a disputed FLSA right. Thus, the Court must reject Section 5 of the settlement agreement.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that the parties' proposed settlement agreement, with the exception of the confidentiality provision contained in Section 5, is fair and reasonable and does not frustrate the implementation of the FLSA in the workplace. The Court, therefore, will grant the parties' joint motion for an order granting approval of the parties' settlement agreement except to the extent that the agreement contains a confidentiality provision. An order consistent with this memorandum follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BYRON K. ALTENBACH, individually and on behalf of all others similarly situated,** : : | |
| **Plaintiff** : : | Civil Action No. 1:08-cv-02178 |
| **v.** : : | (Chief Judge Kane) |
| **THE LUBE CENTER, INC.,** : | |
| **Defendant** : | |

## ORDER

**AND NOW**, on this 3rd day of January 2013, **IT IS HEREBY ORDERED THAT** the joint motion for an order granting approval of the settlement and dismissing the case with prejudice (Doc. No. 121) is **GRANTED**, and the parties' proposed settlement agreement (Doc. No. 121-1), with the exception of the confidentiality provision contained in Section 5, is **APPROVED**. The Clerk of Court is directed to close the case.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania